

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00282-CR

**DANIEL LUIS LOPEZ,**

                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                **Appellee**

-----------

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2011-1579-C2**

-----------

## MEMORANDUM OPINION

-----------

The jury convicted Daniel Luis Lopez of possession with intent to deliver a controlled substance, methamphetamine, in a drug free zone and assessed his punishment at fifteen years confinement. We affirm.

### Background Facts

There is no challenge to the sufficiency of the evidence. Lopez was staying at a residence in Waco. Police conducted surveillance of the residence and observed high-volume traffic consistent with drug trafficking. Police obtained a search warrant for the

residence, and Lopez was named as a suspect in the warrant. When police executed the search warrant, Lopez was at the residence. Police found weighing scales, spoons, and a baggy of methamphetamine in Lopez's bedroom.

## Jury Charge

In his first issue, Lopez argues that the trial court erred in not supplementing the jury charge instruction on the effect of good conduct time. Article 37.07 of the Texas Code of Criminal procedure states:

> Sec. 4. (a) In the penalty phase of the trial of a felony case … the court shall charge the jury in writing as follows:
>
> "Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
>
> "It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
>
> "Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.
>
> "It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

"You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant."

TEX. CODE CRIM. PRO. ANN. art. 37.07 §4(a) (West Supp. 2012). The trial court instructed the jury as required by Article 37.07 §4(a). Lopez's trial counsel did not object to the charge.

Lopez argues that the instruction improperly implies that a person may be released from prison early and without supervision solely due to accruing good conduct time. He contends that the trial court should have supplemented the instruction to explain that good conduct time is tied to parole.

We have previously decided this precise issue against Lopez's position, and we are not persuaded to reconsider our ruling. *See Paez v. State,* No. 10-12-00091-CR, 2012 Tex.App. LEXIS 9121 (Tex. App. – Waco November 1, 2012, pet. filed); *Mathews v. State,* No. 10-12-00046-CR, 2012 Tex. App. LEXIS7480 at *2 (Tex. App.—Waco Aug. 30, 2012, no pet. h.); *Gaither v. State,* No. 10-11-00129-CR, 2012 Tex. App. LEXIS 5252 at *3, (Tex. App.—Waco June 27, 2012, no pet. h.). We overrule the first issue.

In his second issue, Lopez complains that the trial court erred in instructing the jury during the punishment phase of the trial not to consider "sympathy" in its deliberations. The trial court instructed the jury, "Do not let personal bias, prejudice, sympathy or resentment on your part, or any such personal emotion on your part, enter into your deliberations or affect your verdict in this case."

Lopez did not object to the jury charge on this basis. We have also previously decided this issue against Lopez's position, and we are not persuaded to reconsider our ruling. *See Paez v. State*, No. 10-12-00091-CR, 2012 Tex.App. LEXIS 9121 (Tex. App. – Waco November 1, 2012, pet. filed); *Mathews v. State*, No. 10-12-00046-CR, 2012 Tex. App. LEXIS7480 at *2 (Tex. App.—Waco Aug. 30, 2012, no pet. h.); *Gaither v. State*, No. 10-11-00129-CR, 2012 Tex. App. LEXIS 5252 at *4, (Tex. App.—Waco June 27, 2012, no pet. h.). We overrule the second issue.

**Conclusion**

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed February 7, 2013
Do not publish
[CR25]